UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JARON OWENS                                                                      PLAINTIFF

v.                                                     CIVIL ACTION NO. 4:21-CV-P96-JHM

SARAH BUCKMAN *et al.*                                           DEFENDANTS

### MEMORANDUM OPINION

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff Jaron Owens is incarcerated at the Hopkins County Jail (HCJ). He indicates that he does not know whether he is a convicted prisoner or a pretrial detainee. He sues three Defendants in both their official and individual capacities – HCJ Substance Abuse Program (SAP) Director Sarah Buckman; HCJ Deputy Brittany Hilton; and Michelle Hayse.

Plaintiff divides his complaint into four sections. The first section of the complaint is titled "Petition for Writ of Habeas Corpus." In this section, Plaintiff states:

> Mr. Owens is still being detained on a closed case status and as documents from the Jail in Hopkins County as Mr. Owens' rights are being violated. . . . [Illegible] . . . . Sheriff brought back to [HCJ] and rebooked on the same case and still charges $10,000 bond. Mr. Owens treating social worker Ann Railing at KCPC tried contacting Jaron Owens attorney Kenneth R. Root but Stated the Attorney was negligent to responding. Also Ron Jackson and Jaron Owens tryed calling Kenneth R. Root But he also seen negligents. Mr. Owens has no legal communication with Kenneth R. Root, Federal Writ of Habeas Corpus under 28 U.S.C. § 2254 will be need for civil right.

The second section is titled "Civil [undecipherable] Conspiracy." Plaintiff alleges as follows in this section:

> First off I would like to briefly inform that I've been detainee at [HCJ] for 24 months and I've had issues with compliance from Jail Staff at this place and Courts. All my proceeding are postponed by a public advocate that doesn't communicate with me as a client. Due process of proceedings are being violated. . . . I've not went in front of a judge in 24 months and sitting in jail under case status closed case. I have enough bond amounts but can't be bonded out because . . . courts won't grant me bond credit. . . . I'm being held on false charges of slavery. Held in a jail that has Zoom court proceeding without privately being to talk to Advocate or Judge without being put in contempt. . . .

The third section is titled "Retaliation from Civil Action," and Plaintiff states as follows:

> Any type of help that government or Assistant Attorney General can give me with these issues. What good are regulations that people that's hired in privately Jails and Courts that don't follow the basis proceedings? I am most oppressive that the lack of Bill of right or Constitution that Judges, officers aren't updated on Basic law. . . . Today I was [illegible] . . . Brittany Hilton and [illegible] came to my flap telling me to pack up then Spray me with pepper spray for no reason I just wrote a grievance on Sarah Buckman and she decided to retailiate by getting officers to come beat me up and I Just got out of KCPC. . . .

The fourth section of the complaint is titled "None Discrimination Action." In this section, Plaintiff writes as follows:

> No person should have the authority in making financial or credit transaction using other persons identity. 1) A person is guilty of theft of Identity of another when he or she knowing possess or uses any current or former Identifying Information of the othe person such as that persons family name, Address, telephone, electronic mail Address, Social security number, driver license, birthdate, personal ID or Code. A) Depriving the other person of property. B) Obtaining benefits or property for which he or she would otherwise be not be entitled. a) Avoiding detection c) Commercial or political benefit. Theft of identity is a Class D felony under the law. It is a basic principle that an indictment is not evidence. . . . Since Date 4-2-2020 and unacceptable charges of contempt where sentenced because of complaint that I made with the Commonwealth of Kentucky Judicial Conduct Commission . . . of James Brantley also Kenneth Russel Root. The Retaliation of civil action memorandum and order deprives me to have a fair trial under Civil Rights 1964.

In the "Relief" section of the complaint form, Plaintiff requests damages and injunctive relief in the form of release or transfer to another facility.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  Defendant Michelle Hayse

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

Because the complaint contains no allegation of any personal involvement in the alleged events on the part of Defendant Hayse, the Court will dismiss Plaintiff's claims against her for failure to state a claim upon which relief may be granted.

### B. Defendants Hilton and Buckman

#### 1. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Buckman and Hilton, as employees of the HCJ, are actually against Hopkins County.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993)).

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Hopkins County. Thus, the Court will dismiss Plaintiff's official-capacity claims against Defendants Hilton and Buckman for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

#### a. Defendant Hilton

Plaintiff alleges that Defendant Hilton "came to my flap telling me to pack up then Spray me with pepper spray for no reason." The Court construes this allegation as an excessive-force claim.

Although Plaintiff indicates that he does not know whether he is pretrial detainee or a convicted prisoner and often states that his case is closed, because he also references being denied bond, the Court will assume for purposes of this initial review that he is a pretrial detainee. While the Eighth Amendment's protections apply to convicted prisoners, it is the Due Process Clause of the Fourteenth Amendment that protects pretrial detainees. *See, e.g.*, *Coley v. Lucas Cty.*, 799 F.3d 530 (6th Cir. 2015). Under the Fourteenth Amendment, the relevant inquiry for an excessive-force claims is whether the "'force purposely or knowingly used against [a prisoner] was objectively unreasonable.'" *Coley v. Lucas Cty.*, 799 F.3d at 538 (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). The inquiry into reasonableness is "highly fact dependent" and, in making this determination, the Court should consider various factors such as "'the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.'" *Id*.

In light of this jurisprudence, the Court concludes that Plaintiff's one-sentence allegation against Defendant Hilton is too conclusory and lacking in factual specificity to state a Fourteenth Amendment claim for excessive force. Thus, this claim will be dismissed for failure to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### b. Defendant Buckman

Plaintiff alleges that Defendant Buckman retaliated against him for filing a grievance against her "by getting officers to come beat me up . . . ."

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse actions was motivated, at least in part, by the protected conduct. *Id*. Although the filing of a prison grievance is generally constitutionally-protected conduct, the filing of a frivolous grievance is not constitutionally-protected conduct. *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000); *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008).

Upon consideration, the Court concludes that Plaintiff's sparse allegation against Defendant Buckman does not contain sufficient factual information to state a First Amendment retaliation claim under the above standard. Thus, the Court will also dismiss Plaintiff's claim against Defendant Buckman for failure to state a claim upon which relief may be granted.

### C. Criminal Charges

It appears upon review of the complaint that Plaintiff may seek to bring criminal charges against another individual for identity theft.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see*

*also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Therefore, because Plaintiff is a private citizen and cannot bring criminal charges, any such claims must be dismissed for failure to state a claim upon which relief may be granted.

### D. Habeas Corpus Action

Finally, in the last section of the complaint, Plaintiff indicates that he may be attempting to bring a habeas corpus action under 28 U.S.C. § 2254 to address speedy trial issues as well as other due process concerns he has related to his state-court proceedings. Plaintiff may not seek habeas corpus relief in this § 1983 action. *See Presier v. Rodriquez*, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 U.S. Dist. LEXIS 94728, at *3 (E.D. Mich. Nov. 10, 2008) (recognizing that a state pretrial detainee may bring a federal habeas action to demand a speedy trial) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-91(1973)).[1]

Thus, Plaintiff's request for habeas corpus relief in this § 1983 action will also be dismissed for failure to state a claim upon which relief may be granted. However, the Court will direct the Clerk of Court to send Plaintiff forms for filing a habeas corpus action if he so chooses.

---

[1] A habeas action under 28 U.S.C. § 2241 applies pre-judgment, while a habeas action under 28 U.S.C. § 2254 applies post-judgment. *See Klein v. Leis*, 548 F.3d 425, 431 n.4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the judgment of a State court . . . .' 28 U.S.C. § 2254(b)(1), a pretrial detainee ordinarily pursues habeas relief under § 2241.") (emphasis omitted).

### E. *Younger* Absention

Finally, to the extent that Plaintiff is asking this Court to address potential civil-rights violations in an ongoing criminal action, it may not do so.

When a criminal case remains pending in state court, the Court must abstain and dismiss the action. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. at 44-45. "A district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 701 (6th Cir. 2013) (citations omitted).

State criminal matters are an important state interest, *Younger v. Harris*, 401 U.S. at 44-45, and there is no reason evident from the complaint or other showing by Plaintiff from which this Court could infer that he would be barred from raising constitutional claims in state court. Consequently, any claims related to Plaintiff's ongoing state-court criminal action must also be dismissed. *See, e.g.*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (explaining that it is plaintiff's burden to demonstrate that state procedural law bars presentation of his claims).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

The **Clerk of Court** is **DIRECTED** to send Plaintiff 28 U.S.C. § 2241 & § 2254 packets for his use should he decide to file a habeas action in this Court. Plaintiff must decide which forms, if any, meet his needs.

Date: February 18, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Hopkins County Attorney
4414.011